IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-54-PLR-DCP |
| | ) | |
| DANIEL CLOSE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on June 10, 2019, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue [Doc. 9], filed on May 7, 2019. Assistant United States Attorney Cynthia F. Davidson and Intern Trent Kinkaid appeared on behalf of the Government. Assistant Federal Defender Mary Margaret Kincaid represented Defendant Close, who was also present.

In his motion, the Defendant asks the Court to continue the June 18, 2019 trial date ninety days in order to permit additional time for counsel to continue investigating the case. The motion relates that defense counsel has explained the right to a speedy trial to the Defendant, who understands that all of the time between the filing of the motion and the new trial date is excludable under the Speedy Trial Act. The motion also states that the Government does not object to the requested continuance.

At the motion hearing, Ms. Kincaid said that she needed more time to investigate the case and prepare for trial. She stated that she had explained the Defendant's speedy trial rights

to him and that the Defendant agreed with the need for a continuance. Mr. Kinkaid stated that the Government does not oppose a trial continuance in this case. The parties agreed on a new trial date of September 24, 2019.

The Court finds the motion to continue the June 18 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel needs additional time to consult with the Defendant, to investigate the facts of the case, to determine whether pretrial motions are necessary, and to prepare the case for trial. The Court finds that this trial preparation cannot take place before the June 18 trial date or in less than three and one-half months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue [**Doc. 9**] is **GRANTED**. The trial of this matter is reset to **September 24, 2019**. The Court also finds that all the time between the filing of the motion on May 7, 2019, and the new trial date of September 24, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **July 1, 2019**. Responses to Motions are due on or before **July 15, 2019**. The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **September 3, 2019**. The parties are to appear before the undersigned for a final pretrial conference on **September 3, 2019, at 10:00 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **September 9, 2019**.

Special requests for jury instructions shall be submitted to the District Judge no later than **September 13**, **2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue [**Doc. 9**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 24, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **May 7, 2019**, and the new trial date of **September 24, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **July 1, 2019**;

(5) Responses to motions are due on or before **July 15, 2019**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is **September 3, 2019**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **September 3, 2019, at 10:00 a.m.**;

(8) The Court instructs the parties that all motions *in limine* must be filed no later than **September 9, 2019**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **September 13, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge