# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL CLOSE, )<br>)<br>Defendant. )<br>) | No. 3:19-CR-54-PLR-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on September 6, 2019, for an arraignment on the Superseding Indictment and a motion hearing on the Defendant's Motion to Continue [Doc. 17], filed on August 28, 2019. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Assistant Federal Defender Mary Margaret Kincaid represented Defendant Close, who was also present.

In his motion, the Defendant asks the Court to continue the September 24, 2019 trial date ninety days in order to permit additional time for counsel to continue investigating the case. The motion relates that defense counsel is also exploring the need to file a pretrial motion. Defense counsel states that she has explained the right to a speedy trial to the Defendant, who understands that all of the time between the filing of the motion and the new trial date is excludable under the Speedy Trial Act. The motion also states that the Government does not object to the requested continuance.

At the motion hearing, Ms. Kincaid said that she needed more time to investigate the case and prepare for trial. She also noted that the Defendant may be filing a suppression motion. AUSA Davidson confirmed that the Government did not object to a continuance of the trial or schedule. The parties agreed on a new trial date of February 4, 2020.

The Court finds the motion to continue the September 24, 2019 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel needs additional time to consult with the Defendant, to investigate the facts of the case, to determine whether to file a suppression motion, and to prepare the case for trial. If a suppression motion is filed, the Court will need time to hear the motion and prepare a report and recommendation. 18 U.S.C. § 3161(h)(1)(H). After time for objections to the report and responses to objections, Chief District Judge Reeves will need time to rule on the motion. 18 U.S.C. § 3161(h)(1)(H). The Court finds that litigation of a dispositive motion and trial preparation cannot take place before the September 24 trial date or in less than five months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue [**Doc. 17**] is **GRANTED**. The trial of this matter is reset to **February 4, 2020**. The Court also finds that all the time between the filing of the motion on August 28, 2019, and the new trial date of February 4, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard

to other scheduling in this case, the Court set a new motion deadline of **October 4, 2019**. Responses to Motions are due on or before **October 18, 2019**. The parties are to appear before the undersigned on **October 23, 2019, at 10:00 a.m.**, for a motion hearing on all pending pretrial motions. The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 6, 2020**. The Court scheduled a final pretrial conference for **January 21, 2020, at 10:00 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **January 17, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **January 24**, **2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue [**Doc. 17**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 4, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **August 28, 2019**, and the new trial date of **February 4, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **October 4, 2019**. Responses to motions are due on or before **October 18, 2019**;

(5) The parties are to appear before the undersigned for a motion hearing on **October 23, 2019, at 10:00 a.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is **January 6, 2020**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 21, 2020, at 10:00 a.m.**;

(8) The Court instructs the parties that all motions *in limine* must be filed no later than **January 17, 2020**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **January 24, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge