IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-54-PLR-DCP |
| | ) | |
| DANIEL CLOSE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on January 24, 2020, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue [Doc. 29], filed on January 17, 2020. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Assistant Federal Defenders Nakeisha Jackson and Mary Margaret Kincaid represented Defendant Close, who was also present.

In his motion, the Defendant asks the Court to continue the February 4, 2020 trial date sixty days in order to permit additional time to complete litigation of the Defendant's Motion to Suppress. The motion relates that a Report and Recommendation was filed on the suppression motion on January 2, 2020, and that Defendant filed objections to the Report on January 16, 2020. The motion further relates that defense counsel has explained the right to a speedy trial to the Defendant, who understands that all of the time between the filing of the motion and the new trial date is excludable under the Speedy Trial Act. The motion also states that the Government does not object to the requested continuance.

1

At the motion hearing, Ms. Jackson said that the defense needs more time to gain a ruling on the suppression motion. She noted that the parties are continuing to negotiate a resolution in this case and asked for a new plea deadline as well. AUSA Davidson said the Government does not oppose a trial continuance in this case. The parties agreed on a new trial date of April 7, 2020.

The Court finds the motion to continue the February 4 trial date to be unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). The Defendant is awaiting a ruling on his suppression motion. *See* 18 U.S.C. § 3161(h)(1)(D) & -(H). After the Chief District Judge rules on that motion, defense counsel needs additional time to consult with the Defendant and to prepare the case for trial. The Court finds that litigation of the suppression motion and trial preparation cannot take place before the February 4 trial date or in less than two months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue [**Doc. 29**] is **GRANTED**. The trial of this matter is reset to **April 7, 2020**. The Court also finds that all the time between the filing of the motion on January 17, 2020, and the new trial date of April 7, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & (7)(A)-(B). With regard to other scheduling in this case, the deadline for concluding plea negotiations and providing reciprocal discovery is extended to **March 10, 2020**. The Court instructs the parties that all motions *in limine* must be filed no later than **March 23, 2020**. The parties are to appear before

the undersigned for a final pretrial conference on **March 25, 2020, at 10:00 a.m.**  Requests for special jury instructions shall be filed on or before **March 27**, **2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue [**Doc. 29**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 7, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3)  All time between the filing of the motion on **January 17, 2020**, and the new trial date of **April 7, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations and providing reciprocal discovery is **March 10, 2020**;

(5)  Motions *in limine* must be filed no later than **March 23, 2020**;

(6)  The parties are to appear before the undersigned for a final pretrial conference on **March 25, 2020, at 10:00 a.m.**; and

(7)  Requests for special jury instructions shall be filed on or before **March 27, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge